**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

Case No.:

ELYSE DEPASQUALE,

    Plaintiff,                                                            COMPLAINT

v.

TRANS UNION LLC, and AMERICAN FIRST FINANCE LLC,

                                                                      **DEMAND FOR JURY TRIAL**

    Defendants.
_____/

## COMPLAINT

Plaintiff, Elyse DePasquale ("Plaintiff"), by and through counsel, files this Complaint against Defendant Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), and Defendant American First Finance LLC, ("Defendant American First" or "American First"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-

Dade County, Florida.

5. Defendant Trans Union is an Illinois corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant American First is a Delaware limited liability company whose registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301 American First is a "person" as defined by the FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

7. This action involves derogatory and inaccurate reporting of an account (the "Account") by Defendant American First to Plaintiff's credit profile.

8. On July 21, 2023, Plaintiff financed a purchase of a scooter through American First.

9. On July 27, 2023, the scooter was stolen.

10. On July 28, 2023, Plaintiff contacted American First to advise them of the theft of the scooter.

11. Plaintiff then call American First again on August 2, 2023. It was during that call that American First cancelled Plaintiff's reoccurring payments because her case had already been assigned to American First's Liability Damage Waiver Claim Team and was assured that she would not owe American first anything as the liability coverage would cover the remaining balance of on the scooter, $1,286.15.

12. Plaintiff, relying on the information given to her by American First, did not make the payment due on August 29, 2023, or the payments due in September of 2023.

13. On October 3, 2023, American First's Liability Damage Waiver Claim Team paid the remaining amount of $1,286.15 and closed the account.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. In or about March 2024, Plaintiff requested a copy of her credit report from Defendant Trans Union. The Trans Union Report listed the Account 30 days late for the month of September 2023.

15. In or about March 2024, Plaintiff submitted a dispute to Defendant Trans Union because the Trans Union Report inaccurately showed that the Account 30 days late for the month of September 2023.

16. In or about April 2024, Trans Union verified the Account and indicated that American First certified to Trans Union that the information was accurate.

17. As of the filing of this complaint, Defendant Trans Union is still reporting the Account inaccurately on Plaintiff's Trans Union report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

18. Plaintiff incorporates by reference paragraphs ¶¶ 1-17 of this Complaint.

19. Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant American First and continues to include the same information concerning inaccurate and derogatory reporting of the Account by Defendant American First.

20. In or around March 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant American First. Therefore, in or around March 2024, Plaintiff disputed this inaccurate and derogatory information with Trans Union.

21. Defendant American First verified the alleged 30 days late reporting for the month of September 2023. Despite Trans Union having been put on notice of the derogatory and inaccurate reporting, Trans Union did not correct the Account's payment history on Plaintiff's

Trans Union credit report.

22. As of the filing of this complaint, Defendant American First's derogatory and inaccurate information is still listed on Plaintiff's credit report.

23. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

24. Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

25. Despite Trans Union having received Plaintiff's dispute of Defendant American First's information, Trans Union continues to report the Account as 30 days late for the month of September 2023.

26. Continuing to report the payment history of Plaintiff's account in this fashion is significant.

27. By continuing to report the payment history of Plaintiff's account in this fashion, lenders believe Plaintiff has recently made a late payment when she has not, which reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

28. Credit scoring algorithms take Plaintiff's payment history into consideration when generating a credit score and showing this incorrect payment history would cause a lower credit score to be generated.

29. Trans Union failed to conduct a reasonable investigation and reinvestigation.

30. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

31. Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant American First, when they permitted the derogatory information to remain on

Plaintiff's credit report after Plaintiff's dispute.

32. Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

33. Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

34. Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant American First despite being in possession of evidence that the information was inaccurate.

35. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

36. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

37. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

38. Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Trans Union credit report.

39. Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

40. Trans Union has willfully and recklessly failed to comply with the FCRA. The

failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

41. The conduct, action, and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

42. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

43. The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

44. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

45. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

46. Plaintiff incorporates by reference paragraphs ¶¶ 1-17 of this Complaint.

47. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

48. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

49. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information.

50. Additionally, Trans Union negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

51. Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to

follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

52. The conduct, action, and inaction of Trans Union, was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

53. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

54. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

55. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant American First)

56. Plaintiff incorporates the paragraphs ¶¶ 1-17 and by reference of this Complaint.

57. Defendant American First is a lending company.

58. In or about March of 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant American First.

59. In or about March of 2024, Plaintiff submitted disputes of the erroneous and derogatory reporting to Trans Union by Defendant American First.

60. In response to the Disputes, Trans Union promptly and properly gave notice to Defendant American First of the Dispute in accordance with the FCRA.

61. As of the filing of this complaint, the Account's inaccurate payment history has continued to be verified by Defendant American First.

62. Defendant American First is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

63. On a date better known by Defendant American First, Trans Union promptly and properly gave notice to Defendant American First of Plaintiff's Dispute in accordance with the FCRA.

64. In response to the notices received from Trans Union regarding Plaintiff's Dispute, Defendant American First did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

65. In response to receiving notice from Trans Union regarding Plaintiff's Dispute, Defendant American First failed to correct and/or delete information it knew to be inaccurate

and/or which Trans Union could not otherwise verify.

66. Instead of conducting a reasonable investigation, Defendant American First erroneously validated the Account and continued to report inaccurate information to Trans Union.

67. On at least one occasion within the past year, by example only and without limitation, Defendant American First violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

68. On at least one occasion within the past year, by example only and without limitation, Defendant American First violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Trans Union.

69. On at least one occasion within the past year, by example only and without limitation, Defendant American First violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct or inform Trans Union about the inaccurate information.

70. Upon information and belief, Defendant American First was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

71. Defendant American First's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

72. As a direct and proximate result of Defendant American First's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

73. Defendant American First's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court October allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

74. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant American First, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant American First)

75. Plaintiff incorporates by reference paragraphs ¶¶ 1-17 of this Complaint.

76. On at least one occasion within the past year, by example only and without limitation, Defendant American First violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

77. On one or more occasions within the past year, by example only and without limitation, Defendant American First violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

78. On one or more occasions within the past year, by example only and without limitation, Defendant American First violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the inaccurate information.

79. When Defendant American First received notice of Plaintiff's dispute from Trans Union, Defendant American First could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

80. Defendant American First would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant American First had reviewed its own systems and previous communications with the Plaintiff.

81. Defendant American First's investigation was per se deficient by reason of these failures in Defendant American First's investigation of Plaintiff's Disputes.

82. As a direct and proximate result of Defendant American First's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

83. Defendant American First's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

84. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant American First awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

[*REMAINDER OF PAGE LEFT INTENTIONALLY BLANK*]

Dated: April 19, 2024

                                              Respectfully Submitted,

/s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

PAGE | **13** of **13**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com